ISBRANDTSEN CO., Inc. v. NETHER-
LANDS EAST INDIES GOVERN-
MENT et al.

THE MARTIN BEHRMAN.

District Court, S. D. New York.

Nov. 3, 1947.

James W. Ryan, of New York City, for libelant.

Edward L. Smith, Sp. Asst. to Atty. Gen., of the United States, for respondents.

COXE, District Judge.

The suggestion of immunity in this case is contained in two communications from the Acting Secretary of State dated September 19, 1947 and September 26, 1947 respectively, both addressed to the Attorney General and transmitted by him to this Court.

The first communication of September 19, 1947, has attached a certified copy of a Note dated September 16, 1947, from the Netherlands Ambassador, Dr. E. N. van Kleffens, and a copy of a citation in the present case issued to the respondents by the Clerk of this Court.

The first communication of September 19, 1947, in its second and third paragraphs, reads as follows:

"You will observe that the Netherlands Ambassador states that the enclosed paper cannot be accepted by or on behalf of those cited for the reasons set forth in his note, namely, (1) that the Netherlands and the Netherlands East Indies are parts of the Kingdom of the Netherlands which is a sovereign state and has in no way given its consent to be sued in this matter in any court in the United States of America either in respect of the Kingdom or of any one of its constituent parts, and (2) that Dr. Van

Mook is the Lieutenant Governor General of the Netherlands East Indies and is the supreme government officer designated under the Netherlands Constitution to exercise the general administration of the Netherlands East Indies, and that the acts imputed to him were done by him in his official capacity and within the limits of his lawful authority under the laws in force there.

"I shall appreciate it if you will instruct the United States District Attorney for the Southern District of New York to appear in the proceedings above mentioned and present to the Court the enclosed certified copies of the note of the Netherlands Ambassador, with its enclosure, and to state to the Court that this Government recognizes the claim of immunity presented by him on behalf of the respondents, since the Department of State considers that they are not subject to judicial process in the courts of this country."

The second communication of September 26, 1947 has attached a certified copy of a Note dated September 19, 1947, from the Netherlands Ambassador, Dr. E. N. van Kleffens, and the concluding paragraph of this communication reads as follows: "I transmit herewith two certified copies of a note dated September 19, 1947 received from the Netherlands Ambassador, Dr. E. N. van Kleffens, containing a further certification with respect to the respondents in this action. It will be appreciated if you will transmit these certified copies to the United States Attorney for the Southern District of New York with instructions to present one copy thereof to the Court for consideration in connection with the claim of immunity contained in these notes on behalf of the respondents, which is recognized by the Department of the State."

This suggestion of immunity follows the customary procedure in cases of this kind (See Compania Espanola v. The Navemar, 303 U.S. 68, 58 S.Ct. 432, 82 L.Ed. 667; Mexico v. Hoffman, 324 U.S. 30, 65 S.Ct. 530, 89 L.Ed. 729), and I think that immunity from suit claimed on behalf of the respondents must, therefore, be granted.

The immunity of the respondents from suit in the above suit is granted, and the motion of the libelant for a default decree is denied.